UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ODASSIS MICHAEL THOMAS,

          Petitioner,

     v.

B. BERKHOLZ,

          Respondent.

Case No. 3:25-cv-00733-HZ

**OPINION AND ORDER**

**HERNÁNDEZ, Senior District Judge.**

Petitioner, an adult in custody (AIC) at the Federal Correctional Institution in Sheridan, Oregon (FCI Sheridan), brings this Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Petitioner seeks an order requiring the Bureau of Prisons (BOP) to expunge several incident reports from his disciplinary record and to restore good conduct time (GCT) that was disallowed

1 - OPINION AND ORDER

as disciplinary sanctions. I find that Petitioner is entitled to the restoration of 14 days of GCT, and the Petition is GRANTED, in part.

## BACKGROUND

Petitioner is serving a 276-month term of imprisonment upon his conviction for Bank Robbery and the Use, Carry, or Brandishing of a Firearm in Furtherance of a Crime of Violence. *See* 18 U.S.C. § 2113(a); *id.* § 924(c). Cho Decl. ¶ 3 & Ex. A at 3 (ECF No. 15).

In May 2017, Petitioner received Incident Report #2992057 for allegedly violating offense Code 111A, the Introduction or Making of Any Narcotics/Drugs (Attempted). *See* Pet. & Attached Exs. (ECF No. 1 at 7-9); Cho Decl. ¶ 10. On June 7, 2017, after a disciplinary hearing, the Disciplinary Hearing Officer (DHO) found that Petitioner violated Code 111A and imposed sanctions that included the loss GCT. *Id.* Since then, Petitioner has received additional incident reports and disciplinary sanctions, including the temporary loss of commissary, telephone, and visiting privileges, and the disallowance of 41 days of GCT. Cho Decl. ¶¶ 6-8.

On October 9, 2023, Petitioner filed an Administrative Remedy Request challenging the 2017 incident report and the DHO's finding of guilt. (ECF No. 1 at 8-9). Petitioner requested expungement of the 2017 incident report "and any others after the fact" as "fruit of the poisonous tree" and sought the restoration of "all good time that was taken from" him. (ECF No. 1 at 9). Petitioner's request was rejected, and on November 9, 2023, he filed a Regional Administrative Remedy Appeal. (ECF No. 1 at 6, 16). Petitioner again requested expungement of the 2017 incident report, the expungement of all subsequent incident reports as "fruit of the poisonous tree," and the restoration of all disallowed GCT. (ECF No. 1 at 17).

On January 19, 2024, BOP's Western Regional Director granted Petitioner's appeal, in part, and expunged the 2017 incident report. (ECF No. 1 at 7). Although the Regional Director's

2 - OPINION AND ORDER

decision stated that Petitioner's "request for relief has been granted," the decision did not address Petitioner's requests for the restoration of disallowed GCT or expungement of post-2017 incident reports.

On April 8, 2024, Petitioner filed a second Regional Administrative Remedy Appeal and sought clarification of the Regional Director's decision regarding his other requests for relief. (ECF No. 1 at 23). The Western Regional Office rejected this appeal and advised Petitioner that the Regional Director's response to his initial appeal "was only for Incident Report #2992057 CODE: 111A" and that Petitioner must file a new Administrative Remedy Request with respect to post-2017 incident reports. (ECF No. 1 at 22). Petitioner apparently sought no further administrative review.

On May 2, 2025, Petitioner filed the instant habeas action under § 2241.

## **DISCUSSION**

Petitioner asserts two distinct claims for relief in his § 2241 Petition. First, Petitioner seeks the restoration of 68 days of GCT that was disallowed as a sanction for the now-expunged 2017 incident report. *See* Pet. at 3-4 (alleging that disallowed GCT "has not been returned to the Petitioner" and asking the Court to award "all Good Time Credit days, 68 for the incident report already expunged"); *see also* Pet'r Br. at 1 (ECF No. 16) (arguing that "BOP expunged the incident report from my record, but refuse[d] to give me back the 68 days good time and fine money taken from me"). Second, Petitioner seeks the expungement of all incident reports he has received since June 2017, and the restoration of all GCT that was disallowed as a result, as "fruit of the poisonous tree." Pet. at 4 (requesting the removal of "all subsequent incident reports" from Petitioner's institutional record and restoration of "additional [GCT] for the other incident reports").

3 - OPINION AND ORDER

1.  <u>Disallowed GCT Resulting From 2017 Incident Report</u>

Petitioner contends that BOP, without explanation, has refused to restore 68 days of GCT that was disallowed in June 2017 for Petitioner's alleged violation of Code 111A, even though the incident report underlying the sanction has been expunged.

Respondent's initial Response did not address this claim. *See, e.g.,* Resp. to Pet. at 8 (ECF No. 14) (stating that "Petitioner's sole habeas claim…challenges the validity of all five of his prison disciplinary sanctions since June 7, 2017"); *id.* at 5 (arguing that "Petitioner has not exhausted the BOP administrative remedy process regarding all of the disciplinary sanctions he has received since 2017"); *id.* at 7 (stating that "BOP has had no opportunity to review any evidence regarding Petitioner's allegation that all of his disciplinary incident reports since 2017 should be expunged"). Accordingly, the Court ordered Respondent to confirm whether the DHO sanctioned Petitioner with the loss of GCT in June 2017, and if so, to explain whether that GCT has been restored or why it has not been restored.

Respondent forwarded the Court's inquiries to BOP's Designation and Sentence Computation Center (DSCC). Second Cho. Decl. ¶ 4 (ECF No. 19). In response, DSCC represented that "it never was notified of the expunged sanction" and "has now reinstated sixty-eight (68) days of GCT back to Petitioner." *Id.* ¶ 5. Respondent thus maintains that Petitioner's claim for restoration of 68 days of GCT is now moot.

However, as Petitioner correctly points out, DSCC did not restore 68 days of GCT; it restored only 54 days of GCT. Pet'r Sur-Response (ECF No. 22); *compare* Second Cho Decl. Ex. A at 3 *with id.* Ex. B at 3 (ECF No. 21) (reflecting 538 days of GCT as of March 13, 2026 and 592 days of GCT as of March 16, 2026, respectively, an increase of 54 days). Respondent did not explain the discrepancy between the 68 days of GCT that Petitioner claims was

4 - OPINION AND ORDER

disallowed and the 54 days of GCT that DSCC restored to Petitioner. SENTRY documents submitted by Respondent confirm that the DHO disallowed 68 days of GCT in June 2017 and it remains unclear why DSCC restored only 54 days. *See* Second Cho Decl. Ex. A at 3 (indicating disallowance of 68 days of GCT in June 2017: "06-08-17 DGCT 68 DYS").

Regardless, given its response to the Court's inquiries and the restoration of some GCT to Petitioner, BOP does not dispute that Petitioner is entitled to GCT that was disallowed as a result of the expunged 2017 incident report. Because only 54 days of GCT have been restored, BOP shall restore an additional 14 days of GCT to Petitioner.

2. Post-2017 Incident Reports and Disallowed GCT

Petitioner also seeks expungement of all incident reports he has received since June 2017 as "fruit of the poisonous tree," *i.e.*, the expunged 2017 incident report. Petitioner argues that the 2017 incident report "set off a chain of events" that began with Petitioner's transfer to USP Florence, which placed Petitioner's "life in danger" and led to three incident reports for refusing work or program assignments, and continued with his subsequent transfer to FCI Sheridan, where he has received additional incident reports. Pet'r Br. at 1. According to Petitioner, absent the 2017 incident report, "no one can say for sure that the Petitioner would have ended up in the situations he found himself in to receive those incident reports." *Id.* Respondent maintains that Petitioner failed to exhaust the BOP administrative remedy process for this claim and that it also fails on the merits.

"In order to seek habeas relief under section 2241 . . . a petitioner must first, 'as a prudential matter,' exhaust his or her available administrative remedies." *Singh v. Napolitano*, 649 F.3d 899, 900 (9th Cir. 2011) (per curiam). Requiring the exhaustion of administrative remedies aids "judicial review by allowing the appropriate development of a factual record in an

5 - OPINION AND ORDER

expert forum" and conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level." *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam). The district court may excuse the exhaustion requirement if the "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citation omitted).

BOP's administrative remedy program begins with an informal grievance at the institution. 28 C.F.R. § 542.13. If an AIC is not satisfied with the informal process, the AIC may file a formal Administrative Remedy Request on a BP-9 form with the institution's warden. *Id.* § 542.14. If the BP-9 request is unsuccessful, the AIC may file an Administrative Remedy Appeal on a BP-10 form with the appropriate BOP Regional Director. *Id.* § 542.15. If the BP-10 appeal does not afford the relief sought, the AIC may file a final appeal on a BP-11 form directed to BOP's General Counsel. *Id.* If the General Counsel denies relief, the AIC has exhausted the BOP administrative remedy process and may pursue judicial relief.

Here, Petitioner filed a BP-9 Administrative Remedy Request seeking expungement of the 2017 incident report and all subsequent incident reports, followed by a BP-10 Administrative Remedy Appeal. After Petitioner obtained a partially favorable result—expungement of only the 2017 incident report—Petitioner filed a second appeal seeking clarification. The BOP rejected that appeal and informed Petitioner that the Regional Director's response applied only to the 2017 incident report and he was required to file a BP-9 Administrative Remedy Request with respect to additional incident reports.

Petitioner does not dispute that he failed to file a final BP-11 appeal or a second BP-9 Administrative Remedy Request seeking expungement of post-2017 incident reports. Petitioner

6 - OPINION AND ORDER

nonetheless argues that he should be excused from the exhaustion requirement because BOP "ignores" the administrative remedy process and has failed to respond to Petitioner's other grievances. Pet'r Br. at 1 & Attached Exs. However, the record reflects that BOP expunged the 2017 incident report in response to an Administrative Remedy Request and Appeal filed more than six years after the DHO's decision, and he fails to show that BOP's administrative remedy process was inadequate or futile in this instance. Thus, Petitioner's claim seeking expungement of post-2017 incident reports is barred for lack of exhaustion.

Alternatively, Petitioner's claim is without merit. The "fruit of the poisonous tree" doctrine, also known as the "exclusionary rule," requires the exclusion of tainted evidence that was obtained as a result of unlawful conduct by law enforcement officials. *See Wong Sun v. United States,* 371 U.S. 471, 487-88 (1963); *United States v. Willy*, 40 F.4th 1074, 1089 (9th Cir. 2022) (explaining that "evidence seized subsequent to a violation of the Fourth Amendment is tainted by the illegality and subject to exclusion, unless it has been sufficiently 'purged of the primary taint'"). The Supreme Court has not extended the exclusionary rule to proceedings other than criminal trials, and no federal court has held that the rule applies outside of that context. *See Pa. Bd. of Prob. & Parole v. Scott*, 524 U.S. 357, 363 (1998) (explaining that the Court has "repeatedly declined to extend the exclusionary rule to proceedings other than criminal trials"); *see also United States v. Robinson*, 63 F.4th 530, 536 (6th Cir. 2023) (accord; citing cases); *Rouser v. Soto*, No. LA CV 152123DSFJCG, 2016 WL 1237651, at *2 (C.D. Cal. Feb. 25, 2016), *report and recommendation adopted*, No. LA CV 152123DSFJCG, 2016 WL 1238215 (C.D. Cal. Mar. 29, 2016) (accord).

Moreover, Petitioner alleges only that the 2017 incident report led to his transfer to another institution and involvement in "situations" that resulted in additional incident reports.

7 - OPINION AND ORDER

Pet'r Br. at 1. Petitioner does not allege that any of his post-2017 incident reports were based on tainted evidence improperly obtained as a result of the 2017 incident report. Thus, even if the exclusionary rule applied to prison disciplinary proceedings, it would not support Petitioner's claim for the expungement of post-2017 incident reports.

### CONCLUSION

The Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) is GRANTED in part. BOP shall restore to Petitioner the remaining 14 days of GCT that was disallowed as a result of the expunged 2017 incident report. The Petition is DENIED in all other respects.

Within 21 days of this Opinion and Order, Respondent shall submit documentation reflecting that BOP has restored 14 days of GCT to Petitioner.

IT IS SO ORDERED.

DATED this __22__ day of June, 2026.

MARCO A. HERNÁNDEZ
United States Senior District Judge

8 - OPINION AND ORDER